Per Curiam.

Certain cargo consisting of piece goods was delivered by the plaintiff to the pier operated by the defendant, for export to Manila. Plaintiff recalled this export shipment and, as the result of same not being shipped, it is defendant’s contention that it was entitled to certain fees for what is known as “ demurrage ” and for terminal services, such as, inter alia, checking, tallying and watching the cargo. Plaintiff paid these charges under protest in order to obtain a subsequent import shipment delivered by ship to defendant’s pier, and commenced this action to recover such payment. Examination of the applicable tariff (Tariff No. 1 of Free Time and Demurrage on Export Cargo, of the New York Terminal Conference pursuant to Agreement No. 80005, as amended, of the Federal Maritime Commission) discloses that Item X thereof specifically covers the removal of export cargo from the terminal facility prior to loading into a vessel. It provides that if the export cargo “ is not loaded into a vessel and is * * * removed from the terminal facility, the said cargo shall be subject to demurrage charges at the rates set forth in Paragraph IX above. Said charges shall be assessed from the day the cargo was received at the terminal facility to and including the day of its removal therefrom” (emphasis supplied). It was acknowledged by plaintiff at the trial V>end that, if demurrage applies to the *624 recalled export shipment, the amount of the demurrage is not disputed. Patently, demurrage does apply, and the “ free time ” provisions of the tariff are not applicable to the export shipment in light of Item X.
With respect to plaintiff’s claim that the defendant unjustifiably hindered its effort to remove the recalled export cargo from the pier, by limiting pickups to one truck per day, scrutiny of the record discloses that plaintiff has failed to sustain its burden of proof. Defendant’s expert witness testified that terminal charges assessed against cargo are not made on an hourly, i.e., a time basis, but are made on a tonnage basis and that a terminal charge, excluding demurrage, of $2.16 per ton was fair and reasonable. This testimony was unrebutted, and no basis is shown as to why this testimony was not accepted or as to how the trial court arrived at its determination that only $750 of the terminal charge of $1,078 (exclusive of demurrage) was reasonable.
The judgment should be reversed, with $30 costs, and complaint dismissed, with costs.
Concur — Markowitz, P. J., Quinn and Lupiano, JJ.
Judgment reversed, etc.